UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-80160-CR-SMITH

UNITED STATES OF AMERICA

v.

YANSEL JIMENEZ BLANCO,

Defendant.

## PRELIMINARY ORDER OF FORFEITURE

**THIS MATTER** is before the Court upon motion of the United States of America (the "United States") for entry of a Preliminary Order of Forfeiture ("Motion") against Defendant Yansel Jimenez Blanco (the "Defendant"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On October 13, 2021, the United States filed an Information charging the Defendant with a sole count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. Information, ECF No. 22. The Information also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 1349 the Defendant shall forfeit to the United States any property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of such offense. *See id.* at 6.

On April 4, 2022, the Court accepted the Defendant's guilty plea to the sole count in the Information. *See* Minute Entry, ECF No. 34; Plea Agreement ¶ 1, ECF No. 37. As part of the guilty plea, the Defendant agreed to the forfeiture, any right, title and interest to any property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of the violation

to which he plead guilty pursuant to 18 U.S.C. § 982(a)(2)(A) and a forfeiture money judgment in the amount of $243,500.00.  Plea Agreement ¶¶ 11.

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction.  *See* Factual Proffer, ECF No. 36.  The Factual Proffer also provided a basis for the forfeiture of property.  *See id.* at 2–4.

As described in the Defendant's Factual Proffer, from in or around June 2020, and continuing through in or around at least July 2020, the Defendant knowingly and willfully agreed and conspired with Individual 1, and others, to obtain by fraud a Paycheck Protection Program ("PPP") loan on behalf of Yansel Trucking, LLC, a Florida limited liability formed by the Defendant on May 7, 2018. Factual Proffer, ECF No. 36 at 2–3.  The Defendant is the sole registered agent of Yansel Trucking, which is located in Palm Beach County.  *Id.* at 3.

In furtherance of the conspiracy, on or about June 7, 2020, the Defendant caused the submission of a PPP loan application on behalf of Yansel Trucking to Bank 1, which he knew contained materially false and fraudulent representations.  *Id.* Specifically, the Defendant gave his name, social security number, date of birth, mailing address, email address, and bank account routing number for Yansel Trucking to Individual 1.  *Id.* On or about June 7, 2020, Individual 1 then used interstate wire communications to electronically view and sign a PPP Loan Application Form on behalf of Yansel Trucking, which falsely represented that Yansel Trucking had 23 employees and an average monthly payroll of $195,000 a month.  *Id.* In support of the loan application, Individual 1 also submitted to Bank 1 an IRS Form 940, Employer's Annual Federal Unemployment (FUTA) Tax Return, which falsely stated that during 2019 and the first quarter of 2020, Yansel Trucking paid unemployment taxes to its employees in the amount of $2,340,000

2

and had a FUTA tax liability of $9,750. *Id.* The Defendant knew that Individual 1 applied for the PPP loan on behalf of Yansel Trucking and made these false representations. *Id.*

On or about June 10, 2020, based on the false information provided in the loan application and IRS Form 940, Bank 1 approved the loan to Yansel Trucking, and a partner bank of Bank 1 wire transferred $487,500 in PPP funds via interstate wire communication to Yansel Trucking's bank account at Bank 2. *Id.* at 3-4.

On June 12, 2020, the Defendant wired $243,500 from Yansel Trucking's bank account at Bank 2 to his personal bank account at Bank 3, for which the Defendant was the only signatory. *Id.* at 4. Between June 12 and July 9, 2020, the Defendant cashed checks made out to himself, sent checks to approximately 15 individuals not employed by Yansel Trucking, and paid personal expenses from the account at Bank 3. *Id.* In total, the Defendant disbursed $243,498.03 from the account at Bank 3. *Id.*

The Defendant left the remaining $244,000 from the PPP loan in the Yansel Trucking bank account at Bank 2, and relinquished control of that account to Individual 1, who spent the funds. *Id.*

Based on the record in this case, the total value of the proceeds traceable to the offense of conviction is $243,500.00, which sum may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1. Pursuant to 18 U.S.C. § 982(a)(2)(A) and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $243,500.00 is hereby entered against the Defendant.

2. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

4. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 19th day of October, 2022.

_____
**RODNEY SMITH**
**UNITED STATES DISTRICT JUDGE**